### BEEM v. JONES, et al.
### No. 75312.

Circuit Court, Hillsborough County.

May 20, 1946.

Jordan & Jordan, Tampa, for plaintiff.

Joseph E. Williams, Tampa, for defendants.

L. L. PARKS, Circuit Judge.

Plaintiff is the owner of a bathing beach located on the southwesterly shore of Lake Ellen, a non-navigable lake. Defendants are operators of a suction dredge engaged as contractors for other landowners pumping sand and mud from the bottom of the lake on to the contiguous upland on the northwesterly shore of the lake. The title to the lands above and under the waters of the lake on which the bathing beach is situated belong to the plaintiff. The title to the lands under the waters of the lake where the dredging is being done belong to the owners of the contiguous upland shores on which the mud and sand is being dumped by the dredge.

The testimony establishes that as a result of the dredging operation the waters of the lake have become so muddy and discolored at plaintiff's bathing beach that bathers have naturally refused to patronize the beach, thereby seriously damaging and very nearly destroying plaintiff's business of operating the bathing beach. The season for the operation of the beach, according to the testimony, begins about March 1st and ends October 15th of each year.

Plaintiff insists that during this period of time that the beach is being operated defendants should be enjoined from the dredging operations which result in the muddying of the waters of the lake at the point of plaintiff's beach, thereby damaging his business. He is willing that defendants dredge during the season of the year when the bathing beach is not in operation, and contends that defendants should, if they engage in the dredging business at all in the lake, be required to do so when his bathing beach is not in operation.

The court and counsel have found no Florida cases that throw much light upon the respective rights of the parties. It is a matter of common knowledge that the dredging of the bottom of lakes such as is being done in this case is a usual and customary way of filling in immediate adjacent uplands which are too low for the use and enjoyment of the owner. For this court to absolutely enjoin this method of improving lake shores would be an unjust hardship upon the hundreds of lake front property owners in this county. On the other hand, to permit unrestricted dredging during the bathing season would unjustly put in the hands of one lake front owner the power to destroy bathing facilities of other lake front owners.

I think that the circumstances bring into play the old legal maxim "so use your own as not to injure another's" or expressed otherwise "do unto others as you would have others do unto you." It would seem only reasonable that since the dredging may as well be

done in the season in which the waters of the lake are not being used for bathing purposes, then such dredging should be done during such season and not during the season when the waters of the lake are being used for bathing purposes by the owners of the lands fronting on the lake.

The court is, therefore, of the opinion that the injunction should be granted and the defendants be enjoined from dredging from the date of this order until October 15, next and that after that date dredging may proceed until the beginning of the next bathing season, if defendants so desire.